GLORIA SENIUTA, Plaintiff-Appellee, *v.* JOHN SENIUTA, Defendant-Appellant.—(HAAS & DIENSTAG, LTD., Intervening Petitioner-Appellee.)

First District (4th Division)   No. 76-535

Opinion filed May 19, 1977.

330

Morris L. Simons and Beermann, Swerdlove, Woloshin & Barezky, both of Chicago, for appellant.

Haas & Dienstag, Ltd., of Chicago, for appellee, *pro se.*

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. After an evidentiary hearing, specifically requested by the defendant, John Seniuta, the trial court found the defendant owed his attorneys $8425 in fees for their successful prosecution of his appeal from other orders of court. The trial court further ordered the fee be paid from the supersedeas bond then being held by the clerk of the circuit court of Cook County.

Two issues are raised on appeal, (1) whether or not defendant's former attorneys had a right to be paid from the money being held by the Clerk as a supersedeas bond, and (2) whether or not defendant's former attorneys had a right to retain defendant's "papers" until their fee was paid.

The facts of the case are the defendant was sued for divorce by his wife, Gloria Seniuta. After a trial, the court found for the wife and ordered certain transfers of property as alimony. The defendant engaged the petitioner-appellee, Haas & Dienstag, Ltd., to prosecute an appeal.

The petitioner successfully concluded the appeal, returning a large apartment building to the defendant. (*Seniuta v. Seniuta* (1975), 31 Ill. App. 3d 408.) The defendant refused to pay any attorney's fees to the petitioner. After a hearing before the chief judge of the divorce division, defendant was found to owe $8425 to the petitioner, and this sum was ordered to be paid to the petitioner from money belonging to the defendant being held by the clerk of the circuit court of Cook County as a supersedeas bond. The defendant never raised any objection to the evidentiary hearing and, in fact, requested the hearing be held. The defendant was represented at the hearing by a different group of attorneys, the hearing was clearly an adversary proceeding, and neither defendant nor his attorneys made any objection to the propriety of the proceeding. On this appeal there is no issue raised concerning the amount of the judgment.

■■■ This is a case of first impression in Illinois and presents a unique problem to the court. Heretofore, in Illinois divorce judges would not attempt to set fees between a lawyer and his own client, as there is no provision for this in the Divorce Act. This case is unique in that both parties to this dispute returned to the lower court and asked the chief judge for a hearing on what the fees should be. We feel the chief judge was sitting here not as a divorce judge, but properly as a circuit judge, hearing a controversy between a client and his attorneys concerning fees owed. The client was represented by a different set of attorneys. It clearly was an adversary proceeding and it proceeded without objection as to the judge hearing the dispute in its entirety. The judge made a decision and entered an order which is a judgment, and we feel the defendant may not come into this court and complain when he made no objection before the judge below. Under the Illinois Constitution of 1970, all differences between law and equity were abolished and a circuit judge may hear any justiciable matter.

■■ The amount of the judgment is not in question, but the defendant complains the court impressed a lien on funds of his posted as a bond for a stay of judgment while he was on appeal in this court. We see nothing improper in a lien. The court was also attaching funds to insure the judgment would be satisfied.

The second issue in this appeal was not mentioned in the oral argument, and appellee's brief stated they offered the papers to the defendant but he failed to take them, so this issue is moot.

For the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.