*In re* MARRIAGE OF BETTY M. ALDER, Petitioner-Appellee, and RICKY D. ALDER, Respondent-Appellant.

First District (1st Division)    Nos. 80-1703, 80-2358 cons.

Opinion filed July 20, 1981.

James T. J. Keating and Elizabeth S. Davis, of Law Office of James T. J. Keating, of Chicago, for appellant.

Anthony L. Russo, of Law Offices of Russo and Levin, Ltd., of Oak Brook, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Respondent Ricky Alder and petitioner Betty Alder each filed, in different counties in Illinois, a petition for dissolution of marriage. The trial court denied respondent's motion to dismiss Betty Alder's petition and vacate orders entered in that case. Respondent appeals.

On appeal, respondent argues (1) the trial court should have dismissed the case based on the doctrine of priority of jurisdiction, and (2) the trial court erred in awarding prospective attorney's fees for defense of an appeal.

We reverse and remand.

On November 19, 1978, Ricky Alder filed a petition for dissolution of marriage in Iroquois County. Betty Alder was served with summons on December 7, 1979, and filed a special and limited appearance on December 26, 1979. Betty Alder participated in no further proceedings in the Iroquois County court. A hearing was held on Ricky Alder's petition on

March 25, 1980, and judgment for dissolution of marriage was entered on April 10, 1980.

Petitioner Betty Alder filed a petition seeking dissolution of marriage in Cook County on November 26, 1979. Respondent was served with summons on January 17, 1980. Respondent was advised of a hearing set for February 4, 1980, on petitioner's requests for temporary support and an injunction prohibiting respondent from proceeding with his action in Iroquois County. On February 4, 1980, an *ex parte* order was entered granting the relief requested. The Cook County court entered judgment for dissolution of marriage on March 31, 1980.

On March 31, 1980, respondent filed a motion alleging that jurisdiction for the action for dissolution of the marriage was properly vested in the Iroquois County court. He prayed that the orders previously entered by the Cook County court be vacated and that the cause be dismissed for lack of jurisdiction.

On April 30, 1980, petitioner filed a motion for rule to show cause to enforce provisions of the judgment for dissolution of marriage. The following day, respondent filed a motion to strike based on the trial court's failure to rule on his previously filed motion to vacate orders and dismiss the cause. After a hearing on June 2, 1980, respondent's motion to vacate and dismiss was denied. The trial court subsequently entered orders regarding the enforcement of child-support provisions and awarding prospective fees to petitioner's attorney for defense of an appeal.

Respondent first argues that the trial court erred in denying his motions to vacate the judgment for dissolution of marriage and orders entered. He maintains that the Cook County court, upon being informed of the pending action for dissolution of marriage in Iroquois County, should not have proceeded in petitioner's action. We agree.

■■ ■ Generally, one court of this State is not free to ignore an action pending in another court of this State involving identical parties and issues. (*People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 357 N.E.2d 534; *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 215 N.E.2d 806.) The court which first acquires jurisdiction retains its jurisdiction to the exclusion of coordinate courts (*Cousins Club, Inc. v. USA I Lehndorff Vermoegensver-Waltung GmbH & Cie* (1976), 39 Ill. App. 3d 227, 353 N.E.2d 169), and courts of other counties must decline jurisdiction of the identical action. *Zimmerman Equipment Co. v. F. R. Orr Grain Co.* (1975), 29 Ill. App. 3d 921, 330 N.E.2d 881.

■■ Here, it is clear that the Iroquois court had priority of jurisdiction. This action was commenced in Iroquois County before that in Cook County. Furthermore, summons was served on petitioner in the Iroquois County action before respondent was served in the Cook County action. Under the foregoing authorities the Cook County court should have

declined jurisdiction upon being notified of the pending action in Iroquois County. In this regard, we note that the trial court knew of the other pending action before respondent filed his motions on March 31, 1980. On February 4, an *ex parte* order restraining respondent from proceeding in the Iroquois County case was entered.

Petitioner objects to the procedural methods employed by respondent to challenge the trial court's jurisdiction and argues that by waiting until the day the default judgment was to be entered to file his motions, respondent waived any right to challenge jurisdiction. However, in *Zimmerman Equipment Co. v. F. R. Orr Grain Co.* (1975), 29 Ill. App. 3d 921, 330 N.E.2d 881, the court held that motions to dismiss for want of jurisdiction and to set aside the judgment filed within 30 days of judgment were proper methods of placing the question of priority of jurisdiction before the court. Similarly, we find that the issue was properly before the trial court and that respondent's right to challenge it was not waived.

In her brief, petitioner maintains that the "race to judgment was a unilateral act on the part of respondent." However, petitioner's conduct could be characterized in this same manner. Petitioner knew of the Iroquois action on December 7, 1979, the day she was served with summons. Nonetheless, she proceeded with her action in Cook County. During a hearing on March 12, 1980, the trial court appropriately advised petitioner to bring the matters to the attention of the Iroquois court and warned that she could not avoid the issues in the case by attempting to proceed *ex parte*.

Respondent also raises the issue of whether prospective attorney's fees for defense of an appeal may be awarded under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 508). We need not address the merits of this issue because of our finding that the trial court proceeding constituted a basic error.

Accordingly, we reverse the judgment of the circuit court of Cook County and remand the case with directions that the trial court vacate all judgments and orders entered in this case.

Judgment reversed; cause remanded.

GOLDBERG and O'CONNOR, JJ., concur.