*In re* MARRIAGE OF FRANCES BALTZER, Petitioner, and DONALD BALTZER, Respondent (Theodore Birndorf, Petitioner-Appellant; Frances Baltzer, Respondent-Appellee).

Second District  No. 2—86—0171

Opinion filed December 24, 1986.

Theodore Birndorf, of Chicago, for appellant, *pro se.*

William L. Guild III, of Wheaton, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Theodore Birndorf, who was a former attorney in this cause for Frances Baltzer, appeals from a judgment of the circuit court of Du Page County which denied his motion to quash and ordered Birndorf to dismiss a complaint for the recovery of attorney fees he had filed

against Frances Baltzer in the circuit court of Cook County.

Birndorf contends (1) that the circuit court of Du Page County lacked jurisdiction to enter the order as he is not a party to the dissolution action; and (2) that an attorney is not required to proceed under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 101 *et seq.*) in order to recover fees earned in a dissolution proceeding.

In 1981, Frances Baltzer, represented by her then attorney, Theodore Birndorf, filed a petition for dissolution of her marriage to Donald Baltzer in the circuit court of Du Page County. In October 1983, she entered into a retainer agreement with Birndorf to represent her in the marital litigation which set forth the terms of Birndorf's compensation for his legal services. On January 25, 1985, Mrs. Baltzer signed a petition for attorney fees prepared by Birndorf, to which the retainer agreement was attached as an exhibit. Also attached to the petition was an itemized "affidavit" by Birndorf setting forth a record of time spent and fees claimed on her behalf since October 1983 totalling $20,865.62 and costs of $909.80. Although described as an affidavit, the exhibit was not signed by Birndorf. On April 18, 1985, Birndorf filed an unsigned supplemental affidavit as to fees covering the period from January 14, 1985, to April 8 setting forth an additional $11,491.45 in accrued fees and costs. On May 17, 1985, Birndorf filed a motion on behalf of Mrs. Baltzer in which he noted that an order had been entered which provided that the petition for attorney fees would be heard at the time of the trial of the case, that the time of trial was now in the farther future, and Mrs. Baltzer needed the fees requested. The motion prayed for an earlier hearing date of the fee petition. On September 19, Birndorf filed another supplemental "affidavit" in support of the petition for fees and costs in which he sought an additional $10,741.60, or a total request of $44,008.47 for fees and costs.

The petition for fees and supporting affidavits still remained pending in the trial court at the time of entry of the order from which this appeal was brought to this court.

At some point after September 19, Birndorf withdrew as attorney for Mrs. Baltzer in this dissolution action, and, in December 1985, he filed a complaint in the circuit court of Cook County against her in which he sought recovery of fees claimed for legal services rendered for Mrs. Baltzer in the Du Page County dissolution case. Mrs. Baltzer, now represented by other counsel, filed a motion in this case for an order striking cause No. 85 L 28479 in the circuit court of Cook County or, alternatively, an order requiring Birndorf to pursue his

action for fees in the pending Du Page County dissolution proceeding.

Attorney Birndorf entered a special appearance, *pro se*, and filed a motion to quash Mrs. Baltzer's motion on the ground the Du Page County court lacked jurisdiction over him as he was not a party to the dissolution case. At a hearing held January 29, 1986, Birndorf also argued that he was not required to seek his fees from his former client in that litigation. The trial court denied the motion to quash and entered an order directing Birndorf to dismiss the action he had filed for fees in Cook County. The court found that as the petition for fees filed in this action was still pending for determination at the conclusion of the litigation, the Cook County action was a collateral attack on these proceedings. Birndorf appeals.

Birndorf contends first that the circuit court of Du Page County lacked personal jurisdiction over him in the matter of Mrs. Baltzer's motion as he was not a party to the dissolution proceeding.

Section 508 of the Illinois Marriage and Dissolution of Marriage Act, relating to attorney fees, provides:

"(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred by the other spouse ***.

* * *

(c) The court may order that the award of attorney's fees and costs hereunder shall be paid directly to the attorney, who may enforce such order in his name, or that they be paid to the relevant party. Judgment may be entered and enforcement thereof had accordingly." Ill. Rev. Stat. 1985, ch. 40, pars 508(a), (c).

■■ ■ The attorneys for the litigants in a dissolution proceeding are considered as parties in interest in an action for attorney fees to the extent that while such fees are generally awarded to the client, they properly "belong" to the attorney. (*Gilmore v. Gilmore* (1979), 74 Ill. App. 3d 831, 837, 393 N.E.2d 33; *Moore & Howell v. Steinbock* (1978), 67 Ill. App. 3d 336, 338, 384 N.E.2d 909.) The attorney has standing in such cases to pursue an action for fees himself as a party in interest (*In re Marriage of Dague* (1985), 136 Ill. App. 3d 297, 300, 483 N.E.2d 322). A trial court retains jurisdiction to hear the issue of attorney fees even after a dissolution proceeding has abated with the death of one of the parties. (*Spiro v. Spiro* (1970), 124 Ill. App. 2d 254, 261, 260 N.E.2d 332.) Section 508(a) of the Illinois Marriage and Dissolution of Marriage Act authorizes an attorney in a pending disso-

lution proceeding to recover his earned fees from either his own client or the other party.

■■ While the petition for fees filed by attorney Birndorf in the present case was signed by his then client, Mrs. Baltzer, it was supported by the three affidavits by Birndorf relating to his time records to establish the $44,008.47 in fees Birndorf sought to recover. There can be no question he was the real party in interest as to those fees and, when heard, the trial court is authorized to direct that payment be made to Birndorf by either his former client or the other party to the dissolution action. In these circumstances, we consider the trial court had and retained personal jurisdiction over attorney Birndorf to resolve the issue of the fees sought in the petition he filed in that court as a party in interest, and that the court correctly denied the motion to quash on the jurisdictional grounds urged.

Birndorf also contends that section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 508) does not require that an attorney recover his fees from his client, or former client, pursuant to its provisions. Apparently, Birndorf suggests that the attorney may properly proceed, as he has done here, with a separate action on his retainer agreement in another venue than that in which the dissolution proceeding is pending.

Under the former Divorce Act (Ill. Rev. Stat. 1975, ch. 40, repealed October 1, 1977), it was generally held that an attorney could not proceed against his own client in the divorce proceeding to recover fees (see *In re Petition of Neiman* (1972), 8 Ill. App. 3d 454, 289 N.E.2d 715) and was required to bring a separate action at law (see *Pressney v. Pressney* (1950), 339 Ill. App. 371, 90 N.E.2d 119). In *Seniuta v. Seniuta* (1977), 49 Ill. App. 3d 329, 364 N.E.2d 327, however, it was held that a fee collection action by an attorney against his own client could properly be brought in the divorce proceeding as the Illinois Constitution of 1970 (Ill. Const. 1970, art. VI, sec. 9) had abolished the distinction between law and equity and gave the circuit court original jurisdiction over all justiciable matters. Section 508(a) of the Illinois Marriage and Dissolution of Marriage Act codified the *Seniuta* decision in providing that the circuit court has authority to determine the liability of either spouse for his own, or the other spouse's, attorney fees and costs incurred in the dissolution proceeding. *In re Marriage of Bennett* (1985), 131 Ill. App. 3d 1050, 1054, 476 N.E.2d 1297; *In re Marriage of Galvin* (1981), 94 Ill. App. 3d 1032, 1034-35, 419 N.E.2d 417; Ill. Ann. Stat., ch. 40, par. 508, Historical and Practice Notes, at 637 (Smith-Hurd 1980).

■■ ■ Under section 508(c) of the Illinois Marriage and Dissolu-

tion of Marriage Act, the court may order that attorney fees be paid directly to the attorney, who may enforce the order in his own name. (Ill. Rev. Stat. 1985, ch. 40, par. 508(c).) The purpose of section 508 is to promote judicial economy by eliminating the need for an attorney to bring a separate suit to collect fees from his client. (*In re Marriage of Bennett* (1985), 131 Ill. App. 3d 1050, 1054, 476 N.E.2d 1297; *In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 41, 429 N.E.2d 594.) A request for attorney fees which is brought in a dissolution action is not independent of the overall proceedings (*In re Marriage of Zannis* (1983), 114 Ill. App. 3d 1034, 1049, 449 N.E.2d 892), and it is reasonable, and understandable, for the legislature to have provided that the same court which adjudicates matters of property, custody, and support also determine fee disputes between attorney and client (*In re Marriage of Galvin* (1981), 94 Ill. App. 3d 1032, 1035, 419 N.E.2d 417).

The court in which a dissolution proceeding is pending has jurisdiction over the matter of attorney fees and continues to do so for a period of 30 days after entry of its final judgment. (*In re Marriage of Ransom* (1981), 102 Ill. App. 3d 38, 40, 429 N.E.2d 594; *In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 221, 420 N.E.2d 161; *In re Marriage of Rifkin* (1983), 114 Ill. App. 3d 555, 559, 449 N.E.2d 173.) In the present case, the dissolution proceeding, and the unresolved petition for attorney fees filed by Birndorf therein, were still pending in the circuit court of Du Page County when he brought the new action for his fees against his former client in the circuit court of Cook County.

The orderly administration of justice does not permit one court of this State to ignore an action pending in another court of this State. (*People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 292, 215 N.E.2d 806.) A court which first acquires jurisdiction retains jurisdiction to the exclusion of all other courts until its duty has been fully performed. (*Wilson v. Schnettler* (1961), 365 U.S. 381, 384, 5 L. Ed. 2d 620, 624, 81 S. Ct. 632, 634-35; *In re Marriage of Alder* (1981), 98 Ill. App. 3d 525, 526, 424 N.E.2d 763; *In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 967, 412 N.E.2d 698.) A court has the power, if not the duty, to protect its prior rights to jurisdiction over a controversy and for that purpose may issue an injunction restraining persons from proceeding in other courts. *People ex rel. Scott v. Jones* (1970), 44 Ill. 2d 343, 348, 255 N.E.2d 397; see *In re Marriage of Alder* (1981), 98 Ill. App. 3d 525, 424 N.E.2d 763.

In the present case, jurisdiction over the matter of Birndorf's fees attached in the first instance in the dissolution proceedings in

Du Page County, where it remains unresolved in that pending action. It would serve no proper purpose to permit Birndorf in these circumstances to prosecute a separate action in another court for the same claim to fees. If Birndorf was discharged as her attorney, as stated by Mrs. Baltzer in her brief, he could not recover attorney fees premised upon the terms of the retainer agreement, but would be entitled only to reasonable fees for services rendered. (*Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 228-29, 399 N.E.2d 969; *In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 222-23, 420 N.E.2d 161.) That, essentially, is the same standard for determining attorney fees provided for by section 508 of the Illinois Marriage and Dissolution of Marriage Act. The evidence relating to the reasonableness of such fees is found, to a large extent, in the documents contained in the record of the dissolution proceeding and, also, in the knowledge of the trial judge before whom the case was heard. If a determination of the reasonableness of a request for attorney fees were to be heard in another court and venue, as sought here, it may well require the use of the court records in the pending dissolution proceeding for consideration in the separate fee action and cause an unwarranted disruption of the judicial process. It would also appear to be an unnecessary impediment to judicial economy to require a second judge to acquire the knowledge of the proceedings in the dissolution action already known to the judge who has heard it.

■■ We conclude that an application for attorney fees and costs must be made in a pending dissolution proceeding and may not, during that period, be brought as a new action in another court. We need not here decide whether section 508 of the Illinois Marriage and Dissolution of Marriage Act provides the exclusive remedy for such attorney fees after the dissolution action has been completed and the trial court no longer has jurisdiction of that proceeding.

Accordingly, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

REINHARD and WOODWARD, JJ., concur.