H. JOSEPH GITLIN, Plaintiff-Appellant, v. SHERYL HARTMANN, Defendant-Appellee.

Second District   No. 2—87—1237

Opinion filed November 1, 1988.

Gitlin & Burns, of Woodstock (H. Joseph Gitlin, of counsel), for appellant.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, H. Joseph Gitlin, brought suit in the circuit court of McHenry County against defendant, Sheryl Hartmann, to recover attorney fees defendant owed plaintiff. Plaintiff represented defendant in proceedings for visitation pursuant to the provisions of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2517), brought in the circuit court of Kane County by the father of Hartmann's child. Defendant moved to dismiss plaintiff's petition for fees, asserting that the trial court did not have subject matter jurisdiction to hear the matter of fees. The trial court granted defendant's motion and dismissed plaintiff's petition without prejudice. Plaintiff appeals, contending the trial court erred in basing its dismissal on a determination that plaintiff's application for fees must be made within the pending proceeding brought under the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (Ill. Rev. Stat. 1985, ch. 40, par. 101 *et seq.*).

The defendant has not filed a brief in this court. However, the record is simple and the claimed error is such that this court can decide the issue without defendant's brief, so we will reach the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

Plaintiff's complaint for fees stated that defendant had retained plaintiff to represent her in proceedings brought by the father of defendant's child; that the terms of the retention agreement between plaintiff and defendant were memorialized in a letter from plaintiff to defendant, which was attached to the complaint; that the services rendered by plaintiff were reasonably necessary in his representation of defendant; that defendant owed plaintiff $8,475.75; and that defendant had breached the retention agreement by failing to pay plaintiff the amount owed.

In her motion to dismiss plaintiff's petition for fees, defendant alleged that plaintiff represented her in the circuit court of Kane County; that the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (Ill. Rev. Stat. 1985, ch. 40, par. 508) and the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2517) provide for the payment of attorney fees and that such fees should be determined by the trial court; that the forum selected by plaintiff for his lawsuit was inconvenient to defendant, who had a right to have the suit brought in the proceedings in Kane County; and that the court was without jurisdiction to hear the matter of attorney fees, as the question of fees must be filed within the pending Kane County proceeding.

At the hearing on defendant's motion to dismiss plaintiff argued that the matter before the court was a question of venue. Plaintiff maintained that the defendant and he had orally entered into a retention agreement in McHenry County where plaintiff's law offices are located; that the parties' agreement was memorialized in a letter signed by plaintiff and defendant; and that venue was proper because the transaction, or some part thereof, out of which the cause of action arose, occurred in McHenry County. Plaintiff pointed out that no petition for fees was ever filed or presented to the circuit court of Kane County and stressed that section 508 of the Dissolution Act (Ill. Rev. Stat. 1985, ch. 40, par. 508) and section 17 of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2517) do not constitute the exclusive means of enforcing fees against one's client in proceedings brought under the Dissolution Act. Plaintiff contended that an attorney can also choose to bring a common law action for breach of contract instead of allowing the court to determine reasonable fees under the Dissolution Act.

Defendant argued that, based on the case of *In re Marriage of Baltzer* (1986), 150 Ill. App. 3d 890, the court which first acquires jurisdiction retains it to the exclusion of all other courts until its duty has been performed, and since the Illinois Parentage Act of 1984 proceedings were still pending in Kane County, plaintiff was required to file his petition, or complaint, for fees in that pending proceeding.

Basing its ruling on *Baltzer*, the trial court found that plaintiff's petition for fees must be made in the pending Kane County proceeding. As a result, the court determined that it had no jurisdiction to hear the matter of plaintiff's fees and granted defendant's motion to dismiss. Plaintiff appeals from the trial court's order.

Most of plaintiff's arguments are directed at section 508 of the Dissolution Act, although the proceedings in Kane County were under the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*). The applicable fee statute is section 17, and that provision and section 508 are analogous although not identical.

On appeal, plaintiff argues that the question of his fees constituted a part of the retention agreement, or contract of employment, entered into between plaintiff and defendant at the time defendant retained plaintiff as her attorney; that a contract for fees in a domestic relations matter should be enforced like any other fee contract and not on the basis of the reasonable value of the attorney's services as provided in section 508 of the Dissolution Act (Ill. Rev. Stat. 1985, ch. 40, par. 508); and that, therefore, the application for attorney fees need not be made in the pending proceeding brought under the Disso-

lution Act but may be brought in a separate proceeding. We disagree with plaintiff's arguments.

We find nothing unique about plaintiff's retention agreement. Although plaintiff claims that defendant and he agreed orally to that agreement, that the agreement included the rates to be charged for services rendered, and that the agreement was memorialized in a letter, which plaintiff sent to defendant for her signature, we note that the letter attached to his complaint for fees is signed by neither the defendant nor the plaintiff. Furthermore, retention agreements stating hourly rates are commonplace in divorce cases, and such agreements have never precluded the courts of this State from reducing attorney fees where a court deems such fees were not reasonable for the services rendered or necessary. We find no reason here to deviate from this long-standing policy.

■ Generally, a client may terminate the relationship between himself and his attorney with or without cause. (*Herbster v. North American Co. for Life & Health Insurance* (1986), 150 Ill. App. 3d 21.) The supreme court decided in *Rhoades v. Norfolk & Western R.R. Co.* (1979), 78 Ill. 2d 217, the old rule that a discharged attorney could recover on a retainer contract was outmoded and determined that an attorney discharged without cause "is not entitled to recover contract fees from his former client but is limited to reasonable fees for services rendered," that is, on a *quantum meruit* basis (78 Ill. 2d at 229). *In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 222-23.

■ Section 508(a) of the Dissolution Act authorizes an attorney in a pending dissolution proceeding to recover his earned fees from his own client or from the other party. (Ill. Rev. Stat. 1985, ch. 40, par. 508(a).) Section 17 of the Illinois Parentage Act of 1984 is analogous to section 508 in that, like section 508, section 17 also provides that the court may order reasonable fees of counsel to be paid by the parties "in proportions and at times determined by the court." (Ill. Rev. Stat. 1985, ch. 40, par. 2517.) Under both sections the court has the discretion to determine what constitutes a reasonable award of attorney fees. It is reasonable, and understandable, for the legislature to have provided that the same court which adjudicates matters of property, custody, and support also determines fee disputes between attorney and client. *Baltzer*, 150 Ill. App. 3d at 895.

■ In determining the appropriateness of fees sought by an attorney in a domestic relations proceeding, the best indicator of the propriety of an attorney's fees is the court in which the proceeding was heard. In the instant case, plaintiff brought his action in a court which had no familiarity with the case and the matters involved. If we

were to adopt plaintiff's position that since defendant retained plaintiff in McHenry County it was proper for plaintiff to bring his petition for fees in that jurisdiction rather than in the one where plaintiff represented defendant, we would be opening the door for a multitude of similar suits. As the law offices of many divorce attorneys are located in jurisdictions other than the ones in which they represent their clients, under plaintiff's position, an attorney could bring his action for fees in a jurisdiction which had no opportunity to be involved in the domestic relations proceeding in question. We find this possibility would substantially weaken the apparent purposes of section 508 of the Dissolution Act (Ill. Rev. Stat. 1985, ch. 40, par. 508) and section 17 of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2517) to allow the court hearing a matter brought under the Dissolution Act to use its discretion in determining what constitutes a reasonable fee.

■ As we have previously pointed out in *In re Marriage of Baltzer* (1986), 150 Ill. App. 3d 890, the evidence relating to the reasonableness of an attorney's fees is to be found largely in the documents contained in the record of the proceeding brought under the Dissolution Act and in the knowledge of the trial judge before whom the case was heard. (150 Ill. App. 3d at 896.) As we stated in *Baltzer*:

> "If a determination of the reasonableness of a request for attorney fees were to be heard in another court in venue, as sought here, it may well require the use of the court records in the pending dissolution proceeding for consideration in the separate fee action and cause an unwarranted disruption of the judicial process. It would also appear to be an unnecessary impediment to judicial economy to require a second judge to acquire the knowledge of the proceedings in the dissolution action already known to the judge who has heard it." (150 Ill. App. 3d at 896.)

We apply our holding in *Baltzer* and find that plaintiff's application for attorney fees and costs must be made in the pending Kane County proceeding and may not, during the period of the proceeding, be brought as a new action in another court.

We find section 17 of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2517) to be analogous to section 508(a) of the Dissolution Act (Ill. Rev. Stat. 1985, ch. 40, par. 508(a)) since both sections allow the court to use its discretion in determining what constitutes a reasonable award of attorney fees. Accordingly, in light of the fact that defendant brought her motion to dismiss under both section 508(a) of the Dissolution Act and section 17 of the Illinois Parent-

age Act of 1984, we extend our reasoning and holding in *Baltzer* to apply to the pending Illinois Parentage Act of 1984 proceeding presented here. Judicial economy and fairness to both parties dictate that the plaintiff's application for fees should have been brought before the court which heard the visitation case and not before a court which had no familiarity with the former proceedings.

We conclude that plaintiff's fee petition should have been filed in Kane County, where the proceeding in which plaintiff represented defendant is pending. As the circuit court of McHenry County dismissed plaintiff's action without prejudice, it would have been a simple matter to refile his application for fees in Kane County, the proper jurisdiction. In our view, plaintiff's decision to appeal the judgment of the circuit court of McHenry County created an unnecessary delay in the resolution of his fees.

■ Finally, we find no merit in plaintiff's public policy argument. Rather, we believe public policy is best served by allowing the court hearing the domestic relations matter to have, as set forth in section 508 of the Dissolution Act (Ill. Rev. Stat. 1985, ch. 40, par. 508(a)) and section 17 of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2517), the "final word" in determining the reasonableness of an attorney's fees. Although an attorney is chosen by a client and the client contracts with the attorney for the fees to be charged, the average client has little, if any, knowledge, regarding whether the services rendered by the attorney and the time involved in performing them were necessary to the client's representation. On the other hand, the judge hearing a domestic relations case can rely on his own experience and knowledge of the value of the legal services rendered to determine if an attorney's fees are reasonable and to avoid the inequities to both attorneys and clients which plaintiff maintains will result in making section 508 and its chapter 40 counterparts the exclusive means of enforcing fees in situations such as the one presented in the instant case. Although plaintiff sets forth examples of several situations where extensions of the holding in *Baltzer* result in "far reaching and unfair results," none of those situations is present here and needs to be addressed by this court.

For the foregoing reasons, the judgment of the circuit court of McHenry County dismissing plaintiff's application for attorney fees is affirmed.

Affirmed.

NASH and REINHARD, JJ., concur.