561 N.E.2d 180 (1990)
203 Ill. App.3d 890
148 Ill.Dec. 874
In re MARRIAGE OF Leota J. BURTON and Joe A. Burton
Burger, Frombelle, Baxter, Zachry & Rathburn, P.C., Petitioner-Appellant,
v.
Leota J. Burton, Respondent-Appellee).
No. 5-89-0693.
Appellate Court of Illinois, Fifth District.
August 30, 1990.
*181 Norman J. Fombelle and Kent A. Rathbun, of counsel, Burger, Fombelle, Zachry & Rathbun, P.C., Decatur, for petitioner-appellant.
Phillip M. Kirby, Mason City, for respondent-appellee.
Justice HOWERTON delivered the opinion of the court:
In 1987, the circuit court of Shelby County entered a final order dissolving respondent's marriage. That order did not reserve the determination of attorney fees.
More than two years later, respondent's lawyers filed in that same dissolution case a petition for attorney fees and costs for both pre-judgment and post-judgment legal services performed in respondent's dissolution action.
Not wanting to revest the circuit court with jurisdiction as had been done in the case of In re Marriage of Ransom (1981), 102 Ill.App.3d 38, 57 Ill.Dec. 696, 429 N.E.2d 594, respondent entered a special and limited appearance contesting jurisdiction.
The circuit court held that thirty days had expired from the date of the final order of dissolution, and therefore, it was without jurisdiction to award attorney fees.
Petitioner appeals. We affirm in part and, in part, reverse and remand.
A court that has subject matter jurisdiction of dissolution proceedings also has subject matter jurisdiction over attorney fees incurred as a result of those proceedings. Gitlin v. Hartmann (1988), 175 Ill.App.3d 805, 125 Ill.Dec. 426, 530 N.E.2d 584; Ill.Rev.Stat.1987, ch. 40, par. 508(a).
That jurisdiction, however, continues only for thirty days after entry of final judgment, unless the judgment expressly reserves determination of attorney fees. See In re Marriage of Baltzer (1986), 150 Ill.App.3d 890, 104 Ill.Dec. 196, 502 N.E.2d 459; In re Marriage of Rifkin (1983), 114 Ill.App.3d 555, 70 Ill.Dec. 299, 449 N.E.2d 173; Ill.Rev.Stat.1987, ch. 40, par. 508; see also Bremer v. Bremer (1954), 4 Ill.2d 190, 122 N.E.2d 794.
In this case, the petition for pre-judgment attorney fees was filed more than thirty days after the final order. Therefore, the circuit court was without jurisdiction to entertain petitioner's request for pre-judgment attorney fees.
Respondent cites Gitlin v. Hartmann (1988), 175 Ill.App.3d 805, 125 Ill.Dec. 426, 530 N.E.2d 584, and argues that petitioner not only is barred from seeking attorney fees in this dissolution action, but also is barred from filing a separate breach of *182 contract action against respondent. Petitioner argues the circuit court that heard the dissolution should have jurisdiction to determine attorney fees even though they were not reserved and notwithstanding that more than thirty days from the final order have gone by. Petitioner says this should be the result as a matter of policy, because any contrary result necessarily would cause a lawyer to have to bring an action for fees in every dissolution case before completion of the case, a result that will pit lawyer against client in every dissolution case. This argument is predicated on the Gitlin case standing for the expansive proposition suggested by petitioner. We do not accept this argument because we do not read Gitlin as broadly as does petitioner.
Gitlin must be read in historical context. Before the merger of law and equity, a court hearing a divorce case did not have subject matter jurisdiction to order a party to pay fees to his own lawyer; instead, the lawyer had to bring a separate action at law. (Magill v. Magill (1972), 8 Ill.App.3d 454, 289 N.E.2d 715; Pressney v. Pressney (1950), 339 Ill.App. 371, 90 N.E.2d 119.) After law and equity were merged, it was held that a lawyer could request fees from his own client in the divorce proceeding itself. (Seniuta v. Seniuta (1977), 49 Ill. App.3d 329, 7 Ill.Dec. 166, 364 N.E.2d 327.) Section 508(a) of the Illinois Marriage and Dissolution Act (Ill.Rev.Stat.1987, ch. 40, par. 508(a)) codifies this result. Therefore, at the time Gitlin was decided it was clear that a court, hearing an action under the Illinois Marriage and Dissolution of Marriage Act, had subject matter jurisdiction to determine the issue of attorney fees between a client and his own lawyer. Gitlin faced the question whether a court would take jurisdiction of the question of attorney fees, while another court had jurisdiction of the same issue because of the pendency of an action brought under the Act.
Gitlin is easily distinguishable from the case at bar. In Gitlin, as well as in the case of In re Marriage of Baltzer (1986), 150 Ill.App.3d 890, 104 Ill.Dec. 196, 502 N.E.2d 459, upon which the Gitlin court heavily drew, the attorney was attempting to sue the client in a separate breach of contract proceeding while the dissolution case still was pending. We do not believe that Gitlin should be read as enacting an outright bar to the pursuit of attorney fees in any forum other than a dissolution action. To read it so could cause it to become a sword aimed straight at the heart of attorney-client relationships.
For example, if an attorney can only file a petition for fees in the dissolution case to the exclusion of all other remedies, then the effect is that the attorney has a very short statue of limitationsthirty days after judgment.
And, that still is not the heart of the problem quixotically raised by petitioner.
What if client wants to appeal? Does the attorney file both the petition for fees and the notice of appeal together? If so, does the circuit court retain jurisdiction to determine fees? What does the attorney do when, twenty-nine days after the issuance of an order, the client shows up wanting to appeal when the attorney has not yet filed the petition for fees? Or, what happens when that same client shows up on the twenty-ninth day and the lawyer has already filed his petition for fees? These questions do not bring easy answers. As a practical matter, if Gitlin is read the way that respondent suggests, it will force counsel into a position adverse to his client; read this way Gitlin is a sword rather than the vehicle of judicial economy that was intended. Gitlin is not to be read this way. To read Gitlin, as we do, not barring a separate action for fees so long as the dissolution case no longer is pending avoids all this mischief.
The decision of the circuit court sustaining the special and limited appearance as to pre-judgment legal services is affirmed.
Petitioner likewise appeals from the order sustaining the special and limited appearances as to post-judgment attorney fees. The circuit court based its ruling upon its interpretation that petitions for post-judgment fees must be filed within the thirty days following the rendering of the legal service. We do not agree with this interpretation.
*183 Section 508(a) provides that attorney fees can be awarded "from time to time." We see nothing in the Act that would cause a petition for fees to have to be filed within thirty days of the time the services were rendered.
It is likewise clear that the court has subject matter jurisdiction to allow post-judgment fees. (Ill.Rev.Stat.1987, ch. 40, par. 508(a)(2)). Hence, the question is whether the court has subject matter jurisdiction over the post-judgment fees, not whether the petition for fees was filed within thirty days of the time the services were rendered. In this case, since post-judgment matters were pending at the time the petition for post-judgment fees was filed, the circuit court had subject matter jurisdiction to determine post-judgment attorney fees.
In its order on post-judgment fees, the circuit court believed that attorney fees rendered in respondent's ex-husband's bankruptcy proceedings could not be recovered in the dissolution proceedings. Ordinarily, a court hearing dissolution proceedings does not have subject matter jurisdiction to award attorney fees rendered in any case other than the one proceeding before it. (In re Marriage of Birt (1987), 159 Ill.App.3d 281, 111 Ill.Dec. 274, 512 N.E.2d 390.) Therefore, the circuit court did not have jurisdiction to award post-judgment attorney fees for work done by petitioners in the bankruptcy case.
Finally, however, a review of the file shows that whereas all post-judgment attorney fees were denied, perhaps (we cannot tell) some should have been allowed under the reasoning of this case. We, therefore, reverse and remand for the circuit court's consideration of post-judgment fees that do not include the bankruptcy proceedings.
Affirmed in part, reversed and remanded in part.
WELCH and CHAPMAN, JJ., concur.