CURTIS W. MYERS, d/b/a Law Offices of Curtis W. Myers, Plaintiff-Appellant, v. DARIN BRANTLEY, Defendant-Appellee.

Fourth District   No. 4—90—0332

Opinion filed October 25, 1990.

LUND, J., specially concurring.

Curtis W. Myers, of Law Offices of Curtis W. Myers, of Pontiac, appellant *pro se*.

No brief filed for appellee.

JUSTICE GREEN delivered the opinion of the court:

On April 4, 1990, plaintiff Curtis W. Myers, d/b/a Law Office of

Curtis W. Myers (Myers), filed a small claim in the circuit court of Livingston County against his former client Darin Brantley. Myers sought to collect legal fees and court costs incurred while Myers represented defendant in a dissolution proceeding. On May 8, 1990, the court dismissed the action on the grounds that section 508(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 508(a)) precludes an attorney from filing an independent action against his former client for fees while the dissolution action is pending. Defendant presented records to the circuit court indicating such an action was then pending in that court.

▪ We note initially that the appellee has not filed a brief in this case. The supreme court has indicated in such a case that a court of review may, but is not required to, serve as an advocate and need not search the record to sustain the judgment of the trial court; but, "[i]t may, however, if justice requires, do so." (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.) The court further indicated when the record is simple and the claimed errors are such that the court can easily decide them, it should do so. However, when the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record, the judgment of the trial court may be reversed. *Talandis*, 63 Ill. 2d at 133, 345 N.E.2d at 495.

Here, we have a case which is neither easily decided nor one which demonstrates *prima facie* reversible error. We elect to decide the case on its merits. We affirm.

▪ Section 508(a) of the Act states in part:

> "The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees ***." (Ill. Rev. Stat. 1989, ch. 40, par. 508(a).)

Under former law and prior to *Seniuta v. Seniuta* (1977), 49 Ill. App. 3d 329, 364 N.E.2d 327, an attorney could not seek fees from his or her own client in a divorce proceeding. *Seniuta* changed that rule and section 508(a) of the Act codified that change.

Plaintiff's claim was dismissed on defendant's oral motion in which defendant cited the case of *In re Marriage of Baltzer* (1986), 150 Ill. App. 3d 890, 502 N.E.2d 459, and that court relied on that decision in the order on appeal. That case differed materially from this case only to the extent that, there, the attorney seeking fees against his former client in a separate proceeding also had two petitions for fees pending in the ongoing matrimonial proceedings. The

appellate court held that a separate proceeding to recover fees could not be brought. The decision was on a more narrow point than that present here, but in rendering its decision, the Second District Appellate Court stated:

> "We conclude that an application for attorney fees and costs must be made in a pending dissolution proceeding and may not, during that period, be brought as a new action in another court." *Baltzer*, 150 Ill. App. 3d at 896, 502 N.E.2d at 464.

If *Baltzer* were the closest case in point, the cited language would be mere *dicta*. However, subsequent to *Baltzer*, the Second District Appellate Court decided *Gitlin v. Hartmann* (1988), 175 Ill. App. 3d 805, 530 N.E.2d 584. There, a lawyer sought, in a separate proceeding, to obtain attorney fees from a client which were earned in a proceeding under the Illinois Parentage Act of 1984 (Parentage Act) (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*) wherein the attorney had withdrawn. The Parentage Act proceedings were still in progress when the separate suit for fees was filed, but no request for those fees had been made in that proceeding. Thus, except for the difference between the Parentage Act and the Act, the circumstances in *Gitlin* and here are not materially different.

Section 17 of the Parentage Act provides "the court may order reasonable fees of counsel *** to be paid by the parties in accordance with the relevant factors specified in Section 508 of [the Act]." (Ill. Rev. Stat. 1989, ch. 40, par. 2517.) The *Gitlin* court held that although section 17 of the Parentage Act was not in exactly the same language as section 508 of the Act, it was analogous and subject to the same restrictions. This determination was consistent with the subsequent holding of this court that standards for the award of fees under the two provisions were the same. (*Davis v. Sprague* (1989), 186 Ill. App. 3d 249, 541 N.E.2d 831.) The *Gitlin* court then concluded, because of the similarity between section 17 and section 508, the *Baltzer* rule should be applied preventing the separate action for attorney fees while a dissolution or Parentage Act proceeding was still ongoing.

The *Gitlin* court did not note the difference between the *Baltzer* situation, where petitions for attorney fees were pending in the underlying action, and the situation in *Gitlin* and here where no such petitions were pending. However, the combined effect of the two decisions is to create a precedent that in the types of statutory proceedings involved, while those proceedings are ongoing, no separate action for fees by a counsel who has withdrawn can properly be brought. We agree with and apply that precedent here.

The interpretation given to the wording of section 508(a) of the Act by the Second District Appellate Court is a reasonable interpretation and one which is most practical. As pointed out in both *Baltzer* and *Gitlin*, the judge hearing the underlying proceedings has available the record of the proceedings, the memory of what occurred and the general knowledge to be in the best position to pass judgment as to a reasonable fee. (*Gitlin*, 175 Ill. App. 3d at 810, 530 N.E.2d at 587; *Baltzer*, 150 Ill. App. 3d at 896, 502 N.E.2d at 463-64.) The *Gitlin* court pointed out that under *Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 399 N.E.2d 969, a discharged attorney can recover only on a *quantum meruit* theory and cannot enforce a written contract for fees. Thus, the question of the reasonableness of fees to be awarded is most likely to be the main issue before the court in the type of fee request involved here.

In conclusion, we note that nothing in *Gitlin*, *Baltzer*, or our decision here precludes an attorney, whether discharged or not, from bringing a separate suit against his or her own client for fees earned in a dissolution or Parentage Act proceeding after the circuit court has lost jurisdiction of those statutory proceedings. In addition, no attorney is barred from bringing such a separate action at that time because that issue was not raised in the underlying proceedings. See *In re Marriage of Burton* (1990), 203 Ill. App. 3d 890.

We also note that both the *Gitlin* and *Baltzer* decisions speak in terms of the circuit court not having jurisdiction of the separate fee proceedings. Neither there nor here is a collateral attack being made on a judgment obtained in such a proceeding. If the term "jurisdiction" is used in the sense that the judgment of a court in such a separate proceedings would be void and subject to collateral attack, we are not necessarily agreeing with that language. That question need not be decided here, and we are not making a decision in that regard.

As we have indicated, we affirm.

Affirmed.

McCULLOUGH, J., concurs.

JUSTICE LUND, specially concurring:
While I concur in the majority opinion, I find it necessary to state certain concerns. Occasionally, counsel in domestic relations cases terminate services, or their services are terminated, before court actions are commenced or during court proceedings. Most often they are entitled to fair compensation for their legal services. Reality results in

certain out-of-pocket expenses being advanced by attorneys. The existence of section 508(a) of the Act (Ill. Rev. Stat. 1989, ch. 40, par. 508(a)) does not justify long delays in the payment of fees in such circumstances.

While counsel in the major metropolitan areas face longer delays in completing marital litigation, delays occur in all courts. Discovery and plain harassment may result in substantial delay. Assume counsel has provided substantial services for a client and is then terminated prior to the filing of the action—why, because of the filing, should the terminated counsel be required to wait months or years for his fees? The proper way to avoid this injustice is a prompt hearing and a prompt order in the pending proceeding.

The benefit to the parties of a prompt order is plain. The resolution of property, child support, and maintenance issues requires a determination of all assets, income, expenses, and *debts*. The attorney fee obligation is certainly relevant. A prompt determination of the former attorney's fee assists in determining the financial picture, thereby aiding in the settlement process.

This prompt determination also justifies the determination advanced by the majority opinion: the court handling the dissolution can police the determination of an otherwise questionable liability—the uncertain attorney fee debt. But once again, I repeat—a terminated attorney should not be required to wait on his earned fees until the conclusion of a dissolution proceeding.