JASON D. LEE, Petitioner-Appellee, v. LAURI LEE, Respondent (Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin and London, Fee Petitioners-Appellants).

First District (5th Division)   Nos. 1—97—0998, 1—97—0999 cons.

Opinion filed December 18, 1998.

608

Brian Chaiken, of Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin & London, and Bernard Hammer, of Bernard Hammer, Ltd., both of Chicago, for appellants.

Richard A. Sloan, of Chicago, for appellee.

JUSTICE HOURIHANE delivered the opinion of the court:

Appellant law firms, Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin & London (Beermann), and Bernard Hammer, Ltd. (Hammer), are former counsel to Lauri Lee, respondent in a dissolution of marriage proceeding. Beermann and Hammer petitioned the circuit court for an award of fees from Jason Lee, petitioner in that proceeding. Prior to any hearing on the petitions, and over the objections of Beermann and Hammer, the court entered its judgment of dissolution of marriage, which incorporated the parties' marital settlement agreement. The agreement provided that each party would be solely responsible for payment of his or her attorney fees. Mr. Lee

subsequently filed a motion to strike the fee petitions, which the court granted. Beermann and Hammer appeal, arguing that the court erroneously denied their right to a hearing as provided under section 508 of the Illinois Marriage and Dissolution of Marriage Act (Act). 750 ILCS 5/508 (West 1994).

For the reasons that follow, we reverse and remand for further proceedings.

## BACKGROUND

On February 17, 1994, Mr. Lee filed his petition for dissolution of marriage. In that proceeding, Beermann initially represented Mrs. Lee. She later discharged Beermann, and on February 10, 1995, the circuit court granted Hammer leave to substitute as counsel.

On September 13, 1995, Hammer filed an "Emergency Petition for Attorneys Fees, or in the Alternative, to Withdraw." The petition sought a judgment against Mr. Lee in the amount of $15,210 for legal fees related to its representation of Mrs. Lee and an additional sum from Mr. Lee toward anticipated trial fees. In the alternative, Hammer sought leave to withdraw, which was apparently granted, as the record indicates that in late September Joy Feinberg of Feinberg & Barry, P.C. (Feinberg), entered her appearance on behalf of Mrs. Lee.

On September 25, 1995, Beermann filed a "Petition and Schedule of Attorney's Fees and Costs," seeking a judgment against both parties for legal fees on behalf of Mrs. Lee in the amount of $10,118.57. Mr. Lee filed his response to that petition, as well as Hammer's fee petition, denying the material allegations therein.

While Mrs. Lee was represented by Feinberg, the parties negotiated a marital settlement agreement which was signed by the parties on January 24, 1996. Article X of the agreement states in relevant part:

> "Except as provided in Paragraph 10.1 above [which requires Mr. Lee to pay $5,000 to Feinberg toward Mrs. Lee's attorney fees], *each of the parties hereby agrees that they shall be solely responsible for payment of their own individual attorneys' fees and costs* in connection with this Agreement and in connection with the pending dissolution of marriage proceedings. JASON agrees to indemnify and hold LAURI harmless from any and all attorneys' fees or costs which [ ]he may have incurred in connection with this Agreement or in connection with the dissolution proceedings. LAURI agrees to indemnify and hold JASON harmless from any and all attorneys' fees or costs which she may have incurred in connection with this Agreement or in connection with the pending dissolution proceedings. LAURI acknowledges that there remains outstanding Attorney Fees Petitions from Miles Beermann and Bernard Hammer which must be adjudicated." (Emphasis added.)

The settlement agreement also provides that the parties waive any right to maintenance from the other; that Mrs. Lee will have sole custody of the parties' two minor children; that Mr. Lee will pay child support of $3,000 per month, maintain medical insurance for the minor children, and pay all uninsured extraordinary medical expenses of the children; that the parties have equitably divided the marital property, including unspecified sums of money in savings and checking accounts; and that Mr. Lee will be solely responsible for certain income taxes due the Internal Revenue Service by Mr. Lee individually, or jointly with Mrs. Lee, in the approximate amount of $130,000.

At the January 25, 1996, prove-up of the settlement agreement, Beermann and Hammer objected to the attorney fee provision, arguing that a hearing was required before entering an agreement that affected their right to proceed against Mr. Lee for attorney fees. The circuit court determined that it would proceed with the prove-up of the settlement agreement, which was the only matter before the court that day, and consider the fee petitions at a later date.

At the prove-up, Mrs. Lee testified that she read and understood the terms of the agreement and was aware that by waiving maintenance she would be unable to seek support from Mr. Lee in the future. As to outstanding legal fees, Mrs. Lee testified that while she did not question Hammer's and Beermann's entitlement thereto, she had no ability to pay them.

The court found the settlement agreement was equitable and not unconscionable, and incorporated the agreement into the judgment of dissolution of marriage which was entered that same day. The court also granted Mr. Lee time to respond or otherwise plead to the fee petitions of Hammer and Beermann.

On February 21, 1996, Mr. Lee filed a motion to strike Hammer's fee petition. The court later ruled that the defenses raised by Mr. Lee would also apply to Beermann's petition. On July 12, 1996, the court granted Hammer leave to file his "trial brief," set a briefing schedule thereon, and set the motion to strike for ruling on July 29, 1996.

Hammer's "trial brief" essentially responded to Mr. Lee's motion to strike. Hammer argued that under *Heiden v. Ottinger*, 245 Ill. App. 3d 612, 616 N.E.2d 1005 (1993), Mrs. Lee's agreement to pay her own attorney fees cannot limit Hammer's right to seek such fees from Mr. Lee.

On July 29, 1996, the court granted Mr. Lee's motion to strike. Relying on *In re Marriage of Kessler*, 110 Ill. App. 3d 61, 441 N.E.2d 1221 (1982), the court ruled that the settlement agreement was clear and unequivocal that each party should pay his or her own fees, and that the agreement was entered into freely and knowingly by both parties, who were represented by counsel.

Judgments in favor of Beermann and Hammer for the full amount of their fees were subsequently entered against Mrs. Lee.

Beermann and Hammer each timely appealed the July 29, 1996, order of the circuit court. Those appeals have been consolidated for review.

## ANALYSIS

Beermann and Hammer contend that they have a statutory right under section 508 of the Act to seek fees from Mr. Lee that could not be extinguished by the Lees' marital settlement agreement. Because our review involves purely a question of law, we consider the matter *de novo*. *Roubik v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 285 Ill. App. 3d 217, 219, 674 N.E.2d 35 (1997).

Preliminarily, we find neither the *Kessler* opinion relied upon by the circuit court, nor the *Heiden* opinion, cited by Hammer and Beermann, dispositive of the issue before this court.

In *Kessler*, the initial judgment for divorce incorporated the parties' agreement, which provided that " 'each party will pay his or her attorney fees and court costs incurred either in connection with this Agreement or in connection with any proceedings involving this Agreement.' " *Kessler*, 110 Ill. App. 3d at 65. The husband later sought a modification of the divorce decree. At the conclusion of such proceedings, the wife successfully petitioned the court for an award of fees. On appeal, this court reversed, citing the clear and unequivocal language of the parties' agreement. Unlike the instant case, *Kessler* did not consider the ability of former counsel to pursue fees from the other spouse contemporaneous with, or subsequent to, the court's consideration of a marital settlement agreement that allocates fees.

In *Heiden*, a paternity suit, this court held void the attorney fee provision in a settlement agreement that required the parties to be responsible for their own costs and expenses. The agreement was reached with the assistance of the father's attorney, but without the knowledge of the mother's attorney, at least suggesting a violation of the Rules of Professional Conduct. See 134 Ill. 2d R. 4.2. Prior to execution of the settlement agreement, the trial court made a finding that the mother did not have the ability to pay her attorney fees. The record also revealed that the mother harbored animosity toward her own counsel and that the trial judge found there was a concerted effort by the parties to prevent the mother's attorney from collecting his fees. Under these egregious circumstances, the fee provision was held void and the mother's attorney was permitted to pursue payment of his fees by the father. Contrary to appellants' claim, the facts in the present case do not mirror those in *Heiden*.

■ Instead, we focus our review on the provisions of the Act as it existed when the fee petitions were pending before the circuit court. Section 508 provided, in relevant part, as follows:

"(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred or, for the purpose of enabling a party lacking sufficient financial resources to obtain or retain legal representation, expected to be incurred by any party ***.

***

(c) The court may order that the award of attorney's fees and costs hereunder shall be paid directly to the attorney, who may enforce such order in his name, or that they be paid to the relevant party. Judgment may be entered and enforcement thereof had accordingly." 750 ILCS 5/508(a), (c) (West 1994).

■ The principal purpose of section 508(a) is to shift liability for attorney fees from one party to the other. *Nottage v. Jeka*, 172 Ill. 2d 386, 395, 667 N.E.2d 91 (1996). In so doing, any advantage one spouse may have over the other with respect to presentation of a case due to a disparity in their respective financial resources is diminished. Thus, section 508 facilitates the important function of equalizing the relative positions of the parties before the court. *In re Marriage of Pagano*, 154 Ill. 2d 174, 183, 607 N.E.2d 1242 (1992).

■ Although fees are generally awarded to the client, they "belong" to the attorney, who has standing to pursue an action for fees as the party in interest, without the participation of the client or former client. *In re Marriage of Baltzer*, 150 Ill. App. 3d 890, 893, 502 N.E.2d 459 (1986); *In re Marriage of Dague*, 136 Ill. App. 3d 297, 300, 483 N.E.2d 322 (1985); *Gilmore v. Gilmore*, 74 Ill. App. 3d 831, 836-37, 393 N.E.2d 33 (1979). Indeed, section 508(c) affords the court the latitude to make an award of fees directly to the attorney, who may enforce such an order and judgment in his or her name. 750 ILCS 5/508(c) (West 1994); *Cantwell v. Reinhart*, 244 Ill. App. 3d 199, 202, 614 N.E.2d 174 (1993).

The fee-shifting provisions of section 508, coupled with the court's ability to award fees directly to the attorney, provide an incentive for attorneys who might otherwise decline to represent spouses with few financial resources of their own. Thus, the attorney's right to proceed against the other spouse for an award of fees is oftentimes essential to a spouse's ability to procure legal representation.

■ We conclude, therefore, that a marital settlement agreement that purports to allocate attorney fees will not, as a general rule,

extinguish the statutory right of a spouse's prior attorney to pursue an award of fees from the other spouse. Were we to hold otherwise, access to representation by many spouses would be seriously compromised and with it, the integrity of dissolution of marriage proceedings. We are cognizant that each party has the primary obligation to pay his or her own attorney fees. *In re Marriage of Davis*, 292 Ill. App. 3d 802, 812, 686 N.E.2d 395 (1997); *In re Marriage of Meyer*, 140 Ill. App. 3d 1031, 1036, 489 N.E.2d 906 (1986). However, the reality is that many spouses would be unable to secure representation if the possibility that the attorney could seek fees from the other spouse could be so easily foreclosed by the parties.

■ While this general rule will not be applicable in all circumstances, we find that it is applicable under the facts present here. At the time the circuit court considered the Lees' marital settlement agreement, both Hammer and Beermann had pending before the court petitions seeking fees from Mr. Lee. Although neither firm was given notice of the hearing, both firms appeared and lodged their objections to the attorney fee provision contained in the Lees' agreement. Significantly, at the prove-up hearing, Mrs. Lee testified that she had no ability to pay the fees of her prior attorneys. Because the court would not, at that time, consider the fee petitions, no evidence was taken as to the parties' financial situation and relative ability to pay, other than what was reflected in the agreement itself. Under these circumstances, the parties' agreement that each would be responsible for his or her own fees was insufficient to deprive Hammer and Beermann of their right to pursue an award of fees against Mr. Lee. Accordingly, the circuit court erred by striking their fee petitions.

We observe also that where attorney fees are contested, the court *must* conduct a hearing on that issue. *In re Marriage of Feldman*, 199 Ill. App. 3d 1002, 1007-08, 557 N.E.2d 1004 (1990). While typically it is a spouse who requests a hearing, we see no reason why an attorney, when faced with opposition to his fee petition by the other spouse, should be precluded from presenting evidence in support of the petition. Beermann and Hammer were erroneously deprived of the opportunity to present evidence of the parties' relative ability to pay their attorney fees.

Contrary to Mr. Lee's contention on appeal, we do not believe that recognition of a prior attorney's right to seek fees from the other spouse is in conflict with the settlement provisions of section 502 of the Act. Under this section, the parties may enter into an agreement providing for the disposition of property, for maintenance, and for the support, custody and visitation of their children. 750 ILCS 5/502(a) (West 1994). The court is bound by the terms of such an agreement

(except as to the support, custody and visitation of children) unless the court finds, after considering the economic circumstances of the parties, that the agreement is unconscionable. 750 ILCS 5/502(b) (West 1994). However, nowhere in section 502 does it indicate that the parties' agreement as to the division and allocation of liabilities is somehow binding upon third-party creditors, including prior counsel. Thus, while the Lees were free to settle disputed issues, they were not free to waive the statutory right of Beermann and Hammer to pursue a claim for fees against Mr. Lee or to waive their entitlement to a hearing on that issue.

Accordingly, we reverse the order of the circuit court granting Mr. Lee's motion to strike Beermann's and Hammer's fee petitions, and remand this matter to the circuit court. On remand, the court is directed to conduct a hearing to determine the relative financial ability of the parties to pay Mrs. Lee's attorney fees, at the time judgment of dissolution of marriage was entered. We note that the judgments against Mrs. Lee in favor of Beermann and Hammer remain in effect, as does the judgment for dissolution of marriage. Depending on the outcome of the hearing, the parties may then petition the court for further relief.

Finally, we express no opinion as to whether the rule we apply today extends to fee disputes arising under "The Levelling of the Playing Field in Divorce Litigation Amendments," effective June 1, 1997. See Pub. Act 89—712, § 508, eff. June 1, 1997.

Reversed and remanded with directions.

GREIMAN and THEIS, JJ., concur.