# Illinois Official Reports

## Appellate Court

> ### *In re Marriage of Cozzi-DiGiovanni*, 2014 IL App (1st) 130109

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF SANDRA COZZI-DiGIOVANNI, Petitioner and Counterrespondent-Appellee, and COSIMO DiGIOVANNI, Respondent-Counterpetitioner (Michael D. Canulli, Appellant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-0109 |
| Filed | June 27, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In proceedings initially seeking the dissolution of the parties' marriage and ending with the entry of a legal separation, the trial court erred in entering summary judgment against respondent's first counsel on his petition seeking contribution toward his remaining attorney fees from petitioner and denying his motion to reconsider, since respondent's attorney had the right to seek contribution from petitioner pursuant to section 503(j) of the Illinois Marriage and Dissolution of Marriage Act; therefore, the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-D-09096; the Hon. Raul Vega, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal
Michael D. Canulli, of Chicago, for appellant.

No brief filed for appellee.

Panel
JUSTICE PALMER delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice McBride concurred in the judgment and opinion.

## OPINION

This appeal arises in the context of the dissolution of marriage action between petitioner and counterrespondent Sandra Cozzi-DiGiovanni (Sandra) and respondent and counterpetitioner Cosimo DiGiovanni (Cosimo). During the pendency of the dissolution proceeding, Cosimo's former counsel, Michael D. Canulli (Canulli), filed a petition against Sandra seeking contribution for attorney fees and costs owed by Cosimo to Canulli. The court granted summary judgment to Sandra on the petition, finding that, pursuant to section 503(j) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/503(j) (West 2010)), it did not have subject matter jurisdiction to consider the petition. It denied Canulli's motion to reconsider.

Canulli appeals the court's orders, asserting (1) nine arguments challenging the court's interpretation of sections 503(j) and 508(a) of the Act (750 ILCS 5/503(j), 508(a) (West 2010)); (2) that Sandra waived her objection to the petition; and (3) that the court was revested with jurisdiction. He also requests that, upon remand for a hearing on his petition, the case be reassigned to a different trial judge. Although Sandra has not filed a brief in response, we will consider the appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp*., 63 Ill. 2d 128, 131-33 (1976). We reverse and remand for further proceedings.

### BACKGROUND

Sandra filed a petition for dissolution of marriage in September 2007. Three months later, Cosimo filed a counterpetition for dissolution of the marriage. Canulli represented Cosimo and continued to do so until July 21, 2009, on which date the court entered an order allowing Canulli to withdraw his appearance as Cosimo's attorney. Another attorney then filed an appearance for Cosimo.

In October 2009, Canulli filed a "petition for final fee hearing against former client," seeking attorney fees and costs from Cosimo. He asserted that he had received $12,397.40 in payments from Cosimo but was owed an additional $28,364.65. A mediation hearing on the petition was scheduled for January 5, 2010.

However, on January 4, 2010, Cosimo filed a petition for relief in the United States Bankruptcy Court, seeking discharge of assorted obligations under chapter 7 of the United

States Bankruptcy Code (11 U.S.C. § 101 *et seq.* (2006)). Cosimo listed Canulli as one of his creditors. As a result of the bankruptcy filing, the circuit court entered an order staying prosecution of Canulli's petition against Cosimo and continued the petition for a status hearing on the bankruptcy.

¶ 7 On January 5, 2010, Canulli filed a "petition for attorney's fees, costs and expenses hearing" against Sandra, citing section 508(c) "*et seq.*" of the Act. He asserted that Cosimo owed him $28,364.65 in attorney fees and costs and, given that Cosimo was seeking bankruptcy relief, it appeared that Cosimo would not pay the attorney fees and costs he had incurred in the dissolution action. Canulli claimed that Sandra had a demonstrated ability to pay Cosimo's attorney fees and costs because Cosimo had told him that Sandra had purchased a winning lottery ticket worth in excess of $2 million. Canulli requested an evidentiary hearing on the petition and a judgment against Sandra in his favor for $28,364.65 plus additional sums as necessary.

¶ 8 Sandra moved to dismiss, arguing that, even if Canulli's petition against her was interpreted as a petition for contribution, section 508(c) of the Act provides that Canulli can only file a final fee petition during the pendency of a dissolution proceeding against his own client, not against the opposing party.

¶ 9 On February 18, 2010, the court granted her motion, finding that "former counsel may only obtain fees pursuant to [section] 508(c) which is limited to seeking fees against his client" and "Canulli is the former counsel of Cosimo DiGiovanni and he does and has not represented Sandra." It "denied, as a matter of law," Canulli's petition for a fees and costs hearing against Sandra. The court ordered that "notice of future proceedings including prove up or entry of judgment shall be given to Mr. Canulli."

¶ 10 On March 22, 2010, Canulli filed a motion to reconsider the court's February 18, 2010, order dismissing his contribution petition against Sandra.

¶ 11 On March 24, 2010, the court granted Sandra leave to file for a legal separation rather than dissolution of marriage. On the same date, it entered a judgment for legal separation. In the judgment, the court approved and incorporated the parties' marital separation agreement and an addendum thereto. In the addendum, the parties agreed that, given Canulli's filing of his petition against Sandra and his stated intent to appeal the court's denial of the petition, the following provision was incorporated into the separation agreement:

> "Respondent [Cosimo] shall be responsible for and pay his own attorney fees incurred in this cause. Respondent waives whether by statute or otherwise any right to contribution for attorney fees from Petitioner [Sandra].
>
> Petitioner shall be responsible for and pay her own attorney fees incurred in this cause. But her right to contribution for attorney fees from Respondent or her right to seek a contribution from any attorney fees she is ordered to pay Michael Canulli pursuant to *Canulli's Petition* or any similar petition filed by him is reserved. Petitioner may only file a Petition for Contribution for attorney fees against Respondent if the trial court's order of February 19, 2010 is reversed or overturned in whole or in part by either the trial court or the appellate court or it is remanded by the appellate court to the trial court for further proceedings." (Emphasis in original.)

The court's order stated that it retained jurisdiction over the subject matter of the case and the parties for the purposes of enforcing all terms of the judgment and the agreement.

¶ 12 On April 15, 2010, the bankruptcy court entered an order granting Cosimo's petition for chapter 7 discharge.

¶ 13 On June 22, 2010, the court denied Canulli's motion to reconsider the dismissal of his petition for contribution against Sandra.

¶ 14 On July 12, 2010, Canulli filed a "motion to complete common law record and other relief," asserting that, in an unrelated domestic relations case before a different trial judge, the judge had entered an order contrary to that entered on Canulli's petition, allowing the attorney to pursue a petition for contribution against the opposing party. Canulli requested (1) leave to supplement the record with the orders entered in the other case and (2) reconsideration of the court's order granting Sandra's motion to dismiss his petition given the contradictory ruling on the identical issue.

¶ 15 On July 19, 2010, the court (1) denied the motion to complete the common law record and (2) vacated its February 18, 2010, order granting Sandra's motion to dismiss Canulli's contribution petition against her. It ordered Sandra to answer the petition.

¶ 16 Sandra filed her answer and two affirmative defenses in August 2010. She argued Canulli's action for contribution was barred because (1) any debt owed to Canulli for attorney fees had been discharged by Cosimo's bankruptcy and there was, therefore, no longer any debt owed to Canulli to which Sandra could be required to contribute and (2) pursuant to section 508 of the Act, a former counsel may petition for fees only against the attorney's own client. Sandra filed a petition for contribution against Cosimo pursuant to the addendum to the parties' marital separation agreement. She also filed a petition for interim attorney fees against Canulli, asserting that she would be unable to properly defend against his petition for contribution without an award of interim fees.

¶ 17 Cosimo answered and filed an affirmative defense to Sandra's petition for contribution. He argued that, because Canulli's attorney fees had been discharged in the chapter 7 bankruptcy, Cosimo had no legal obligation or duty to pay Canulli's fees and Sandra was prohibited from seeking contribution from Cosimo for those fees as the fees had been properly discharged.

¶ 18 In January 2011, the court awarded Sandra $10,000 in interim attorney fees from Canulli, noting that Canulli failed to appear or file a responsive pleading. However, in March 2011, the court granted Canulli's motion to vacate the interim fee award.

¶ 19 The case continued through assorted answers, responses and motions, including Canulli's motion to add Sandra's daughter Catherine as a necessary party. Canulli asserted that Sandra had given the proceeds of the $2 million lottery ticket to Catherine prior to the parties' legal separation in order to keep the winnings out of the marital estate and he sought an opportunity to demonstrate such. He stated Sandra's ownership interest in the lottery winnings was relevant to his petition for contribution given that her financial circumstances and ability to pay were in issue.

¶ 20 In March 2012, Sandra filed a motion for summary judgment, asserting the court was without subject matter jurisdiction to consider Canulli's contribution petition. Sandra argued that there was no statutory or jurisdictional basis on which to hear Canulli's petition because section 503(j) of the Act requires that a petition for contribution to attorney fees from the opposing party must be heard and decided before entry of judgment and Canulli sought to have his petition heard two years after entry of final judgment, the March 24, 2010, judgment of

legal separation. Sandra also argued that she did not waive the lack of subject matter jurisdiction because such may be raised at any time and cannot be waived.

¶ 21 Canulli responded that, under the statute, where a timely petition for contribution such as his is filed, the circuit court retains jurisdiction to decide the petition even after entry of a judgment of divorce or legal separation. He also asserted that, because the judgment for legal separation specifically reserved the issue of which party was to pay his attorney fees, the judgment for legal separation was not a final judgment and the court continued to exercise its jurisdiction over the issue of contribution. He requested that the court strike Sandra's motion for summary judgment as untimely, or deny her motion and/or find the parties revested the court with jurisdiction to hear his petition.

¶ 22 On August 7, 2012, the court entered an order granting Sandra's motion for summary judgment. The order stated as follows:

"(1) Mr. Canulli filed a petition for contribution on 1/5/10,

(2) The trial court entered a judgment for legal separation on 3/24/10,

(3) The trial judge did not conduct a 503(j) hearing before judgment was entered or at the end of proofs,

(4) Mr. Canulli did not appear on 3/24/10 for a 503(j) hearing,

(5) This court rejects Mr. Canulli's argument that it should vacate the judgment for legal separation in order for there to be a 503(j) hearing, and further finds that it would be against public policy to vacate said judgment at this point in time."

¶ 23 Canulli filed a motion to reconsider, arguing that the court's determination that it lacked subject matter jurisdiction to conduct a hearing on contribution because the judgment of legal separation had been entered was erroneous as a matter of law and based on erroneous presumptions. He asserted that, despite the court's order requiring that he be notified of the date of any prove-up hearing or entry of judgment, he had not received notice that the parties intended to present to the court and request entry of the judgment for legal separation on March 24, 2010. He stated the court erroneously presumed that he had received notice of the entry of judgment for legal separation and that Canulli was required to appear in court that day "when no such hearing was scheduled" and asserted the judgment was void for lack of notice. Canulli also asserted that, because the judgment of legal separation was void, it could not serve as a basis to grant summary judgment or deprive him of his right to contribution. He further reiterated his argument that the court did not lose subject matter jurisdiction under section 503(j) to rule on his petition for contribution upon entry of the judgment for legal separation.

¶ 24 The court denied Canulli's motion to reconsider on December 3, 2012, finding "no error of law of fact and [Canulli] should have appeared in court on March 24th and on today's date." Canulli timely filed his notice of appeal from the court's orders on January 2, 2013.

¶ 25                                                    ANALYSIS

¶ 26 Canulli raises 12 issues on appeal but they concern only 4 main arguments: (1) the circuit court erred in its interpretation of section 503(j) of the Act; (2) Sandra waived her objection to Canulli's contribution petition by litigating it for almost three years; (3) even if the court did lose subject matter jurisdiction, it was revested with jurisdiction by Sandra's participation in the three-year litigation on the petition; and (4) upon remand for a hearing on Canulli's contribution petition, the case should be reassigned to a different circuit court judge as the

hearing judge's "various rulings and his grant of interim attorney fees of $10,000 against Canulli are suggestive of some degree or appearance of prejudice and justice and fairness would be served by a reassignment of the case to a different judge." As noted previously, Canulli's brief is unopposed.

¶ 27 We agree with Canulli that the court erred in its interpretation of section 503(j). For the reasons that follow, we find the court did have subject matter jurisdiction to consider Canulli's petition and erred in granting summary judgment to Sandra. Therefore, we reverse and remand for a hearing on the petition. Given this conclusion, we will not address Canulli's arguments regarding waiver and revestment of jurisdiction. We deny Canulli's request that we remand to a different trial judge.

¶ 28                                    Section 503(j) of the Act

¶ 29 Canulli represented Cosimo in the dissolution action for two years. He then withdrew as Cosimo's counsel and filed a petition for final attorney fees against Cosimo during the pendency of the dissolution proceedings. Upon Cosimo's bankruptcy filing, Canulli filed a petition for contribution against Sandra, the opposing party, citing section 508(c) of the Act. Two months later, the court entered a judgment of legal separation and approved the parties' agreement of legal separation. Two years later, Sandra moved for summary judgment, arguing *inter alia* that, pursuant to section 503(j) of the Act, the court lacked subject matter jurisdiction to consider the petition because the judgment for legal separation had already been entered. The court granted Sandra's motion for summary judgment, noting that the petition was not decided prior to entry of the judgment for legal separation. Canulli argues that the court erred in granting summary judgment to Sandra because the court improperly read into section 503(j) a mandate that, where a judgment of legal separation has been entered, the court lacks subject matter jurisdiction to consider a pending contribution petition.

¶ 30 A drastic means of disposing of litigation, summary judgment should be granted only when the right of the moving party is clear and free from doubt. *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 49. The movant has the burden of production on a summary judgment motion. *Mashal*, 2012 IL 112341, ¶ 49. Summary judgment is granted only when the pleadings, depositions and admissions on file and the affidavits, if any, construed strictly against the movant and liberally in favor of the respondent, " 'show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Axen v. Ockerlund Construction Co.*, 281 Ill. App. 3d 224, 229 (1996) (quoting *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986)); *Gauthier v. Westfall*, 266 Ill. App. 3d 213, 219 (1994). We review the circuit court's entry of summary judgment *de novo*. *Golden Rule Insurance Co. v. Schwartz*, 203 Ill. 2d 456, 462 (2003).

¶ 31 Our standard of review for the construction and application of a statute is also *de novo*. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 439 (2010). Our main objective in interpreting a statute is to determine and give effect to the intent of the legislature. *Solon*, 236 Ill. 2d at 440. The most reliable indicator of the legislature's intent is the language of the statute, which must be given its plain and ordinary meaning. *Solon*, 236 Ill. 2d at 440. Clear and unambiguous statutory language must be applied as written, without resort to extrinsic aids of statutory construction and without reading into it exceptions, limitations, or conditions that conflict with the expressed intent or that render any part of the statute meaningless or superfluous. *Solon*, 236 Ill. 2d at 440-41. Only if a statute is ambiguous, if it is capable of being

understood by reasonably well-informed persons in two or more different ways, will we consider extrinsic aids of construction in order to discern the legislative intent. *Solon*, 236 Ill. 2d at 440.

¶ 32 Relevant here are sections 508 and 503 of the Act. Section 508 of the Act is titled "Attorney's Fees; Client's Rights and Responsibilities Respecting Fees and Costs." 750 ILCS 5/508 (West 2010). It governs attorney fees generally, including petitions for contribution of attorney fees and costs incurred in initial dissolution proceedings (predecree proceedings) and in postdecree proceedings. *Blum v. Koster*, 235 Ill. 2d 21, 46 (2009).

¶ 33 Section 508(a) provides, in relevant part:

"The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees. Interim attorney's fees and costs may be awarded from the opposing party, in a pre-judgment dissolution proceeding in accordance with subsection (c-1) of Section 501 and in any other proceeding under this subsection. *At the conclusion of any pre-judgment dissolution proceeding under this subsection, contribution to attorney's fees and costs may be awarded from the opposing party in accordance with subsection (j) of Section 503 and in any other proceeding under this subsection.* Fees and costs may be awarded in any proceeding to counsel from a former client in accordance with subsection (c) of this Section. Awards may be made in connection with the following:

(1) The maintenance or defense of any proceeding under this Act.

(2) The enforcement or modification of any order or judgment under this Act.

(3) The defense of an appeal of any order or judgment under this Act, including the defense of appeals of post-judgment orders.

(3.1) The prosecution of any claim on appeal (if the prosecuting party has substantially prevailed).

(4) The maintenance or defense of a petition brought under Section 2-1401 of the Code of Civil Procedure seeking relief from a final order or judgment under this Act.

(5) The costs and legal services of an attorney rendered in preparation of the commencement of the proceeding brought under this Act.

(6) Ancillary litigation incident to, or reasonably connected with, a proceeding under this Act.

***

*The court may order that the award of attorney's fees and costs (including an interim or contribution award) shall be paid directly to the attorney, who may enforce the order in his or her name*, or that it shall be paid to the appropriate party. Judgment may be entered and enforcement had accordingly." (Emphases added.) 750 ILCS 5/508(a) (West 2010).

¶ 34 Section 508(a) provides that attorney fees and costs may be awarded to an attorney in connection with the attorney's representation of his or her client in the original dissolution/predecree proceeding (such as in "[t]he maintenance or defense of any proceeding under this Act" (750 ILCS 5/508(a)(1) (West 2010))) and in postdecree proceedings (such as in "[t]he enforcement or modification of any order or judgment under this Act" and in the prosecution or defense of claims on appeal (750 ILCS 5/508(a)(2), (a)(3), (a)(3.1) (West

2010))). The attorney can obtain a judgment for attorney fees from the attorney's own client or, pursuant to a petition for contribution, from an opposing spouse. 750 ILCS 5/508(a) (West 2010).

¶ 35 "The attorneys for the litigants in a dissolution proceeding are considered as parties in interest in an action for attorney fees to the extent that while such fees are generally awarded to the client, they properly 'belong' to the attorney." *In re Marriage of Baltzer*, 150 Ill. App. 3d 890, 893 (1986). As a party in interest, the attorney has standing in such cases to pursue an action for fees himself. *Lee v. Lee*, 302 Ill. App. 3d 607, 612 (1998) (citing *Baltzer*, 150 Ill. App. 3d at 893).[1] Section 508(a), therefore, allows an attorney to pursue a contribution action in his own name. *Rocca*, 408 Ill. App. 3d at 968; 750 ILCS 5/508(a) (West 2010) ("The court may order that the award of attorney's fees and costs (including an interim or contribution award) shall be paid directly to the attorney, who may enforce the order in his or her name ***.").

¶ 36 Here, Canulli is seeking contribution from Sandra for attorney fees and costs incurred during his representation of Cosimo during the original, predecree dissolution proceeding.[2] He cited to section 508(c) in his contribution petition. However, section 508(c) concerns "[f]inal hearings for attorney's fees and costs *against an attorney's own client*, pursuant to a Petition for Setting Final Fees and Costs of either a counsel or a client." (Emphasis added.) 750 ILCS 5/508(c) (West 2010). Sandra was never Canulli's client; she was the opposing party in the dissolution action. Therefore, section 508(c) does not apply to Canulli's petition for contribution against Sandra. *Rocca*, 408 Ill. App. 3d at 967.

¶ 37 Instead, section 503(j) of the Act applies to Canulli's petition for contribution against Sandra. Section 508(a) specifically references section 503(j), stating that, "[a]t the conclusion of any pre-judgment dissolution proceeding under this subsection, contribution to attorney's fees and costs may be awarded from the opposing party in accordance with subsection (j) of Section 503 and in any other proceeding under this subsection." 750 ILCS 5/508(a) (West 2010). Section 503 is titled "Disposition of property" and generally addresses the distribution of property in the original judgment for dissolution of marriage. 750 ILCS 5/503 (West 2010); *Blum*, 235 Ill. 2d at 46. Subsection (j) of section 503 addresses contribution from an opposing

---

[1]We cite herein to *Lee v. Lee*, 302 Ill. App. 3d 607 (1998), *In re Marriage of Baltzer*, 150 Ill. App. 3d 890 (1986), and *Heiden v. Ottinger*, 245 Ill. App. 3d 612 (1993), for the proposition that, under the Act, as a party in interest, the attorney has standing in contribution cases to pursue an action for attorney fees himself. All three cases considered attorney fees under section 508 of the Act as it existed prior to amendments to the Act in 1997. However, although section 508 has been twice amended since 1997, the cases remain good law. *In re Parentage of Rocca*, 408 Ill. App. 3d 956, 964 (2011). The 1997 amendments did not alter the statute such that an attorney's ability to pursue contribution is now restricted in a manner that did not exist when the statute was considered in *Lee*, *Baltzer* and *Heiden*. *Rocca*, 408 Ill. App. 3d at 964. Instead, "by including, for example, specific provisions permitting interim fees and contribution, the effect of the amendments was to *expand* the avenues for attorneys to obtain fees and to encourage attorneys to represent even those clients who are financially disadvantaged." (Emphasis in original.) *Rocca*, 408 Ill. App. 3d at 968.

[2]Canulli withdrew from representing Cosimo during the pendency of the dissolution action, prior to entry of the judgment of legal separation. Necessarily, therefore, he did not expend any time and effort on Cosimo's behalf thereafter and postdecree attorney fees are not at issue here.

party toward attorney fees and costs incurred in the proceeding before the final dissolution of marriage judgment. *Blum*, 235 Ill. 2d at 46. It "governs the procedural requirements applicable to petitions for contribution of attorney fees and costs incurred prior to the entry of final orders for dissolution of marriage," *i.e.*, for fees and costs incurred during predecree proceedings. *Blum*, 235 Ill. 2d at 47. Canulli is seeking contribution from Sandra, the opposing party, for attorney fees incurred as Cosimo's counsel during the predecree dissolution proceeding. Therefore, section 503(j) rather than section 508(c) applies to his petition.

¶ 38 Section 503(j) provides, in relevant part:

"After proofs have closed in the final hearing on all other issues between the parties (or in conjunction with the final hearing, if all parties so stipulate) and before judgment is entered, a party's petition for contribution to fees and costs incurred in the proceeding shall be heard and decided, in accordance with the following provisions:

(1) A petition for contribution, if not filed before the final hearing on other issues between the parties, shall be filed no later than 30 days after the closing of proofs in the final hearing or within such other period as the court orders.

(2) Any award of contribution to one party from the other party shall be based on the criteria for division of marital property under this Section 503 and, if maintenance has been awarded, on the criteria for an award of maintenance under Section 504.

* * *

(5) A contribution award (payable to either the petitioning party or the party's counsel, or jointly, as the court determines) may be in the form of either a set dollar amount or a percentage of fees and costs (or a portion of fees and costs) to be subsequently agreed upon by the petitioning party and counsel or, alternatively, thereafter determined in a hearing pursuant to subsection (c) of Section 508 or previously or thereafter determined in an independent proceeding under subsection (e) of Section 508."[3] 750 ILCS 5/503(j) (West 2010).

¶ 39 From the court's order, it appears that the court interpreted section 503(j) to mean that, if a contribution petition filed in a dissolution or legal separation proceeding is not heard and decided before entry of the judgment for dissolution or legal separation, the court loses jurisdiction to consider the petition once that judgment is entered.

¶ 40 We agree with the circuit court that, pursuant to section 503(j), a petition for contribution to attorney fees must be heard and decided before the final judgment is entered. *In re Marriage of Lindsey-Robinson*, 331 Ill. App. 3d 261, 268 (2002). Under the Act, a judgment for dissolution of marriage or of legal separation becomes final "when entered." 750 ILCS 5/413(a) (West 2000); *Marriage of Lindsey-Robinson*, 331 Ill. App. 3d at 268. However, nothing in the clear and unambiguous language of the Act, and specifically that in sections 503(j) and 508(a), provides that, once a judgment is entered in a dissolution or legal separation action, the court loses jurisdiction to consider a pending contribution petition. The timing provisions in section 503(j) are not jurisdictional prerequisites. *Marriage of Lindsey-Robinson*, 331 Ill. App. 3d at

---

[3]"While section 503(j) appears to present the petitioner as a party, as opposed to an attorney, the Marriage Act clearly anticipates that an attorney will, at times, act as a petitioning party, as evidenced by section 508(a)'s provision that any counsel or former counsel may petition the court for an award and judgment and may enforce the order in his or her own name." *Rocca*, 408 Ill. App. 3d at 968.

269, following *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002).

¶ 41 In *Belleville Toyota, Inc.*, our supreme court held that, "[w]ith the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *Belleville Toyota, Inc.*, 199 Ill. 2d at 334. Such "jurisdiction extends to all 'justiciable matters.' " *Id.* (quoting Ill. Const. 1970, art. VI, § 9). "[A] 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Id.* at 335.

¶ 42 As noted previously, section 508 of the Act provides for the awarding of attorney fees. "Thus, it is evident that the awarding of attorney fees within a dissolution proceeding is a justiciable matter." *In re Marriage of Baniak*, 2011 IL App (1st) 092017, ¶ 16. "The legislature's creation of a new justiciable matter, however, does not mean that the legislature thereby confers jurisdiction on the circuit court." *Belleville Toyota, Inc.*, 199 Ill. 2d at 335. "[E]xcept in the area of administrative review, the jurisdiction of the circuit court flows from the constitution." (Emphasis omitted.) *Id.* (citing Ill. Const. 1970, art. VI, § 9). The legislature, in defining a justiciable matter, may not "impose 'conditions precedent' to the court's exercise of jurisdiction that cannot be waived." *Id.* at 335-36.

> "Characterizing the requirements of a statutory cause of action as nonwaivable conditions precedent to a court's exercise of jurisdiction is merely another way of saying that the circuit court may only exercise that jurisdiction which the legislature allows. We reiterate, however, that the jurisdiction of the circuit court is conferred by the constitution, not the legislature. Only in the area of administrative review is the court's power to adjudicate controlled by the legislature." *Id.* at 336.

¶ 43 The litigation at bar does not arise under our administrative review law. Therefore, to paraphrase our supreme court, the circuit court was not exercising special statutory jurisdiction and, instead, had jurisdiction to hear and determine Canulli's claim because it was among the general class of cases–those presenting a section 508 claim for attorney fees under the Act, a justiciable matter–to which the court's constitutionally granted original jurisdiction extends. *Belleville Toyota, Inc.*, 199 Ill. 2d at 340. Even if Canulli's petition defectively stated its claim under the Act, the circuit court would not have been deprived of subject matter jurisdiction. *Id.*

¶ 44 "Following *Belleville Toyota*, we must find that the timing provision of section 503(j) of the Act, although mandatory (see *People v. O'Brien*, 197 Ill. 2d 88, 93 (2001) (holding that the legislature's use of 'shall' demonstrates its intent to create a mandatory, rather than directive, provision)), is not a jurisdictional prerequisite and thus may be waived." *Marriage of Lindsey-Robinson*, 331 Ill. App. 3d at 269. Since the timing requirements in section 503(j) are not jurisdictional, the court did not lose subject matter jurisdiction when it did not meet the requirement that, "before judgment is entered, a party's petition for contribution to fees and costs incurred in the proceeding shall be heard and decided." Although this is a directive to the court, the court does not lose jurisdiction to consider the petition if it fails to abide by the directive. The court, therefore, should have held a hearing on Canulli's petition.

¶ 45 Section 503(j) requires that "[a]ny award of contribution to one party from the other party shall be based on the criteria for division of marital property under this Section 503 and, if maintenance has been awarded, on the criteria for an award of maintenance under Section 504." 750 ILCS 5/503(j)(2) (West 2010).

"In predecree proceedings, the apportionment of attorney fees is viewed as another aspect of financial allocation that a trial court must factor into the total picture at the time of dissolution. *In re Marriage of Tomei*, 253 Ill. App. 3d 663, 666 (1993) (the allocation of attorney fees is 'integrally related to decisions regarding the financial resources of each of the parties, [and] a disposition of their allocation should be made before the reviewing court can properly assess the trial court's decisions regarding maintenance, child support, or division of property'); [citation]. The language of section 503(j) requires that contribution petitions be decided after proofs have closed in the final hearing, but before judgment is entered–in other words, as soon as the final amount of fees can be calculated, but while the trial court can still include the fees in its decision on all of the financial matters that have arisen. Section 503(j) is clearly directed toward ensuring that all financial allocations are determined at the same time that attorney fees for predecree proceedings are sought." *In re Marriage of Blum*, 377 Ill. App. 3d 509, 533 (2007), *aff'd in relevant part sub nom. Blum v. Koster*, 235 Ill. 2d 21 (2009).

¶ 46    Given that attorney fees are to be awarded in view of the total disposition of property and assets, ideally a determination regarding a petition for contribution would be made at the same time as or immediately following a hearing on the proofs required for the apportionment of the parties' property and assets in a predecree proceeding, prior to entry of the judgment for legal separation. However, the circumstances here are unique in that the court had dismissed Canulli's petition for contribution prior to entry of the judgment.[4] As Canulli timely filed a motion to reconsider that dismissal prior to entry of judgment, that issue should have been resolved prior to the entry of judgment. Unfortunately, it was not, but it is not clear from the record whether the trial court was made aware of the pendency of the motion to reconsider.

¶ 47    Subsequent to the judgment's entry, the motion to reconsider was denied. However, when the court subsequently vacated its earlier dismissal and reinstated Canulli's petition for contribution, the petition became viable. Following *Belleville* and *Lindsey-Robinson*, the timing requirement in section 503(j) is not jurisdictional. Accordingly, Canulli's reinstated petition should have been heard, even though the court had already entered the judgment.[5]

¶ 48    We note that, in the court's order granting Sandra's motion for summary judgment on Canulli's petition, it stated that Canulli did not appear for a section 503(j) hearing on March 24, 2010, the date on which the court entered the judgment for legal separation and approved the parties' agreement of legal separation and addendum thereto. Canulli argues, as he did below in his motion to reconsider, that he did not receive notice that the parties intended to request the court to enter the judgment of legal separation and approve the agreement on that date.

---

[4]Canulli filed his petition for contribution on January 5, 2010. The court dismissed his petition on February 18, 2010. Canulli filed his motion to reconsider the dismissal on March 22, 2010. The court entered the judgment of legal separation on March 24, 2010. The court subsequently denied Canulli's motion to reconsider the dismissal of his petition on June 22, 2010.

[5]In the parties' addendum to their agreement for legal separation, they specifically provided for a circumstance in which Canulli's petition was reinstated, either by the circuit court or the appellate court on remand, reserving to Sandra the right to seek contribution from Cosimo should she be ordered to pay Canulli on his petition.

However, the record contains a notice to Canulli to the effect that Cosimo intended to present to the court a pleading requesting "prove up" on March 24, 2010.[6] Nevertheless, Canulli's failure to appear at the prove-up hearing was of no import because his motion to reconsider was still pending at the time of the hearing and should have been resolved prior to entry of judgment at the hearing.

¶ 49　　Further, we note that, upon remand, the issue of the parties' agreement in the addendum to the agreement for legal separation will arise. The parties' agreement regarding who will pay attorney fees and costs is not binding on Canulli. *Rocca*, 408 Ill. App. 3d at 968 (citing *Lee*, 302 Ill. App. 3d 607, and *Heiden v. Ottinger*, 245 Ill. App. 3d 612 (1993)). The parties provided in the addendum to their legal separation agreement that each party would pay their own attorney fees and costs. However, as stated previously, the right to attorney fees and costs belongs to the attorney, not to either of the parties. *Lee*, 302 Ill. App. 3d at 612 (citing *Baltzer*, 150 Ill. App. 3d at 893). Therefore, a marital settlement agreement (or, as in this case, an agreement of legal separation) purporting to allocate attorney fees will generally not extinguish a spouse's former attorney's right to pursue an award of fees from the other spouse. *Lee*, 302 Ill. App. 3d at 612-13. The parties are free to settle the division and allocation of their property, assets and liability but their agreement is not binding on third party creditors such as prior counsel. *Lee*, 302 Ill. App. 3d at 614. They "cannot waive something that belongs to someone else." *Rocca*, 408 Ill. App. 3d at 969. Accordingly, neither party can waive by their agreement Canulli's statutory right to pursue or request a hearing on a claim for attorney fees and costs against Sandra. *Rocca*, 408 Ill. App. 3d at 969-70; *Lee*, 302 Ill. App. 3d at 614. Canulli was within his rights to pursue Sandra for contribution to attorney fees.

¶ 50　　For the foregoing reasons, the circuit court erred in granting summary judgment to Sandra on Canulli's contribution petition against her. Where, as here, attorney fees are contested, the court must conduct a hearing on the issue to allow the attorney to present evidence in support of the petition, including evidence of the opposing spouse's ability to pay his attorney fees. *Lee*, 302 Ill. App. 3d at 613. Accordingly, we reverse and remand for a hearing on Canulli's petition for contribution against Sandra.

¶ 51　　It would be precipitous of us to vacate the judgment of legal separation at this time. We leave it to the circuit court to determine, pending the outcome of the hearing on the petition for contribution, whether the parties' agreement for legal separation must be modified. We also leave to the trial court the interesting question, which has not been briefed before us, as to what effect the bankruptcy discharge has on Canulli's petition against Sandra.

¶ 52　　　　　　　　　　　　　　　　　Remaining Issues

¶ 53　　Given our determination that the circuit court erred in granting summary judgment to Sandra, we need not address Canulli's arguments regarding Sandra's waiver and revestment of the court's jurisdiction. Lastly, with regard to Canulli's request that we assign this case to a different trial judge on remand, we find no evidence to support Canulli's assertion that the original judge's actions "are at least suggestive of some degree of prejudice" and deny his request.

---

[6]There is no copy of the relevant pleading in the record and we cannot, therefore, determine its content.

¶ 54                                CONCLUSION

¶ 55        For the reasons stated above, we reverse the grant of summary judgment to Sandra on Canulli's petition for contribution and remand for a hearing on the petition.

¶ 56        Reversed and remanded.